UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALEMAYEHU JIMMA,<br><br>                    Plaintiff,<br><br>      v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant. | Case No. C19-1839-MLP<br><br>ORDER |

## I.   INTRODUCTION

This matter is before the Court on the Commissioner's motion to dismiss for lack of subject matter jurisdiction. (Dkt. # 18.) Plaintiff did not file an opposition. Because Plaintiff has not exhausted his administrative remedies before initiating this matter, as discussed below, the Court lacks jurisdiction and orders the Commissioner's motion to dismiss be granted.

## II.   BACKGROUND

Plaintiff filed a complaint in this matter in November 2019. (Dkt. ## 1, 9.) Plaintiff alleges (1) he was approved for Supplemental Security Income Benefits but the benefits were not paid for over one year; (2) his "back-pay" was not the correct amount as more than half was not paid to him; and (3) his monthly benefits are not in the correct amount. (*Id.* at 2.) In February 2020, Plaintiff filed an amended complaint for Disability Insurance Benefits and Supplemental

ORDER - 1

Security Income alleging money is being improperly deducted from his monthly benefits.[1] (Dkt. # 15 at 2.) Plaintiff also filed a motion to appoint counsel (dkt. # 16) and a motion to vacate the Court's order granting the Commissioner an extension of time to file a response to Plaintiff's complaint (dkt. # 17) that Plaintiff did not previously oppose.

The Commissioner filed the instant motion to dismiss for lack of subject matter jurisdiction alleging Plaintiff did not exhaust his administrative remedies. (Dkt. # 18.) In support of the motion to dismiss, the Commissioner submitted a declaration stating that as of February 4, 2020, the Appeals Review Processing System ("ARPS") maintained by the Office of Appellate Operations, which reviews claims when a claimant is dissatisfied with the decision of an Administrative Law Judge ("ALJ") in a Social Security Benefits application, shows no indication of an ALJ decision, an ALJ dismissal, or request for review before the Appeals Council relating to Plaintiff under Title II or XVI of the Social Security Act. (Christianne Voegele Decl. (Dkt. # 19) at 1-2.)

### III.   DISCUSSION

Federal courts have limited jurisdiction and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citations omitted). When presented with a motion to dismiss for lack of subject matter jurisdiction, a plaintiff has the burden to demonstrate that this Court has jurisdiction. *See id.*; *see also* Fed. R. Civ. P. 12(b)(1). When presented with a motion to dismiss pursuant to Rule 12(b)(1), the Court favorably views "the facts alleged to support jurisdiction." *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000) (citing *Boettcher v. Sec. Health & Human Servs.*, 759 F.2d 719, 720 (9th Cir. 1985)).

---

[1] Plaintiff's "amended complaint" appears to be missing the last page and therefore lacks a signed and dated certification that the complaint meets the requirements of Federal Rule of Civil Procedure 11.

This Court has statutory jurisdiction to review "any final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). Pursuant to the relevant federal regulations, a claimant obtains a judicially reviewable final decision only after completing all of the required steps, including asking for reconsideration of an initial determination, requesting a hearing, and requesting review by the Appeals Council. *See* 20 C.F.R. §§ 404.907, 404.929, 404.967. A claimant seeking judicial review must either receive a decision by the Appeals Council or notice from the Appeals Council that it has denied the claimant's request for review. *See* 20 C.F.R. §§ 404.981. Here, it does not appear Plaintiff pursued the required administrative remedies before initiating this action and therefore there is no final agency decision for the Court to review. Accordingly, Plaintiff has failed to meet his burden to demonstrate the Court has jurisdiction over this matter.[2]

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS the Commissioner's motion to dismiss (dkt. # 18) and DISMISSES this matter with prejudice. Plaintiff's motions to appoint counsel (dkt. # 16) and to vacate the Court's previous order (dkt. # 17) are DISMISSED as MOOT.

Dated this 16th day of April, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge

---

[2] The Court notes a discretionary decision by the Administration that is not a final decision may be subject to an exception where the Commissioner's decision "is challenged on constitutional grounds." *Evans v. Chater*, 110 F.3d 1480, 1482 (9th Cir. 1997) (citing *Califano v. Sanders*, 430 U.S. 99, 109 (1977)); 42 U.S.C. § 405(g). Here, Plaintiff has not raised any colorable constitutional claims or met his burden of establishing such claims.

ORDER - 3