UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALEMAYEHU JIMMA,<br><br>            Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | Case No. C19-1839-MLP<br><br>ORDER |

## I.    INTRODUCTION

This matter is before the Court on Plaintiff's motion to vacate the Judgment dismissing this matter with prejudice. (Dkt. # 22.) The basis of Plaintiff's motion is that he allegedly did not receive notification of the Court's ruling and was unable to previously respond. (*Id.*) For the reasons discussed below, Plaintiff's motion is DENIED.

## II.    BACKGROUND

Plaintiff, proceeding *pro se*, filed a complaint in this matter in November 2019. (Dkt. ## 1, 9.) Plaintiff alleges (1) he was approved for Supplemental Security Income ("SSI") benefits but the benefits were not paid for over one year; (2) his "back-pay" was not the correct amount as more than half was not paid to him; and (3) his monthly benefits are not in the correct amount.

ORDER - 1

1   (*Id.* at 2.) In February 2020, Plaintiff filed an amended complaint alleging money is being

2   improperly deducted from his monthly benefits.[1] (Dkt. # 15 at 2.)

3         The Commissioner filed a motion to dismiss for lack of subject matter jurisdiction

4   alleging Plaintiff did not exhaust his administrative remedies. (Dkt. # 18.) In support of the

5   motion to dismiss, the Commissioner submitted a declaration stating that as of February 4, 2020,

6   the Appeals Review Processing System ("ARPS") maintained by the Office of Appellate

7   Operations, which reviews claims when a claimant is dissatisfied with the decision of an

8   Administrative Law Judge ("ALJ") in a Social Security Benefits application, shows no indication

9   of an ALJ decision, an ALJ dismissal, or request for review before the Appeals Council relating

10  to Plaintiff under Title II or XVI of the Social Security Act. (Christianne Voegele Decl. (Dkt. #

11  19) at 1-2.) Plaintiff did not respond to the Commissioner's motion.

### III.   DISCUSSION

13        In the Court's Order dismissing this matter (dkt. # 20), the Court considered jurisdiction

14  to review a decision of the Commissioner of Social Security. In doing so, the Court recognized

15  federal courts have only statutory jurisdiction to review a final decision. (*Id.* (citing 42 U.S.C. §

16  405(g)).) For a claimant to obtain a judicially reviewable final decision, he or she must complete

17  all the required steps pursuant to 20 C.F.R. §§ 404.907, 404.929, 404.967, including asking for

18  reconsideration of an initial determination, requesting a hearing, and requesting review by the

19  Appeals Council. The Commissioner presented evidence that Plaintiff failed to complete these

20  required steps, namely the Voegele declaration. The Court therefore dismissed Plaintiff's action.

21        Plaintiff now appears to assert he did not receive the Court's ruling in this matter and was

22  unable to respond. (Dkt. # 22.) Construing Plaintiff's motion broadly, his assertion that he was

---

[1] Plaintiff's "amended complaint" appears to be missing the last page and therefore lacks a signed and dated certification that the complaint meets the requirements of Federal Rule of Civil Procedure 11.

ORDER - 2

unable to respond could encompass the Commissioner's motion to dismiss. A review of the docket shows the Clerk's office mailed a copy of the Court's Order and Judgment to the address on record for Plaintiff. (Dkt. ## 20, 21.) Similarly, the Commissioner's motion to dismiss includes a certification of service to Plaintiff's address on record, dated March 4, 2020. (Dkt. # 18 at 4.) It is Plaintiff's responsibility to keep the Court and opposing parties advised as to his current address. Here, the mail sent to Plaintiff was not returned as undeliverable and Plaintiff has not notified the Court that he changed his address. Plaintiff has not presented a reason as to why he was unable to receive mail at his designated address in this matter.

Further, vacating the Order and Judgment in this matter and allowing Plaintiff to respond would be futile. The Commissioner has presented evidence that there is no ALJ decision, ALJ dismissal, or request for review before the Appeals Council relating to Plaintiff under Title II or XVI of the Social Security Act. Therefore, there is no final decision and the Court lacks subject matter jurisdiction to review this matter. Plaintiff's complaint concerns the timeliness and amount of his benefit payments, not any dissatisfaction with an ALJ decision. Specifically, Plaintiff alleges his SSI benefits were untimely paid, the amount of his "back-pay" was incorrectly calculated, his monthly benefit payments are incorrectly calculated, and money is being improperly deducted from his benefits. In light of the evidence before the Court and the allegations in Plaintiff's complaint, vacating this matter and allowing Plaintiff to present a response to either the Commissioner's motion to dismiss or the Court's Order and Judgment would not cure the lack of subject matter jurisdiction. Accordingly, the Court declines to vacate the Order and Judgment.

IV.   CONCLUSION

For the foregoing reasons, Plaintiff's motion (dkt. # 22) is DENIED. The Clerk is directed to send copies of this Order to the parties.

Dated this 12th day of June, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 4